CHARLES D. NAYLOR, State Bar No. 62243
LAW OFFICES OF CHARLES D. NAYLOR
A Professional Corporation
11 Golden Shore Drive, Suite 350
Long Beach, California 90802
Telephone: (310) 514-1200
Facsimile: (310) 514-1837
E-Mail: cnaylor@naylorlaw.com

In Association with:

Aksana M. Coone, State Bar No. 190125
LAW OFFICES OF AKSANA M. COONE
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 556-9650
Facsimile: (310) 954-9008
E-mail: Aksana@Coonelaw.com

Attorneys for Plaintiff, ARTHUR L. CHAROW

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR L. CHAROW,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PRINCESS CRUISE LINES, LTD.,<br><br>　　　　　Defendant. | CASE NO. 2:20-cv-00929<br><br>**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, ARTHUR L. CHAROW, (hereinafter, "Plaintiff") and for a cause of action against defendant, complains and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages for personal injuries, the value of which exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs. The injury giving rise to this action occurred while plaintiff was a fare paying

passenger aboard a cruise ship operating on navigable waters. This Court has Jurisdiction under 28 U.S.C. § 1332 as well as under the general maritime law of the United States. Venue is based on the forum selection clause included in the terms of defendant's passage contract.

2. Defendant PRINCESS CRUISE LINES, LTD's (hereinafter PRINCESS) passage contract purports to provide a time limit of one year from the date of injury for Plaintiff to file suit. Prior to the expiration of the one-year time limit PRINCESS entered into the first of a series of tolling agreements with Plaintiff, whereby PRINCESS agreed to extend Plaintiff's time limit to file suit up to and including January 31, 2020.

## GENERAL ALLEGATIONS

3. At all times herein material, Defendant PRINCESS CRUISE LINES, LTD., (hereinafter, "PRINCESS") was a foreign corporation with its principal place of business in the state of California, the County of Los Angeles, and this judicial district.

4. At all-times herein material, ARTHUR L. CHAROW was and is a resident of Ontario, Canada.

5. At all times herein material Defendant PRINCESS owned, operated, maintained, controlled, and inspected a fleet of passenger cruise vessels, one of which was the ROYAL PRINCESS (hereinafter, "vessel"), a foreign flag passenger cruise vessel which Defendant utilized to transport fare paying passengers on cruises on navigable waters of the United States and on the high seas.

6. Prior to the departure date, Plaintiff purchased a ticket for a cruise aboard the vessel with a scheduled departure from Ft. Lauderdale, Florida on February 8, 2018, and a scheduled arrival date at same port on February 18, 2018, with scheduled stops at intermediate ports of call, including Aruba.

7. On or about February 13, 2018, at around noon, Mr. Charow was walking near the pool on Deck 17 when it began to rain. He turned around to go back indoors and walked on a smooth wet surface that became unreasonably slippery from rainwater. As he walked

on the slippery surface, he suddenly slipped and fell backwards hard onto his left elbow and fractured it.

8. As a direct and legal result of the incident alleged herein, Plaintiff was hurt and injured in her health, strength, and activity, sustaining severe physical injury to his body, and shock and injury, to her nervous system and person, all of which injuries have caused and continue to cause physical and emotional pain and suffering. Plaintiff is informed and believes, and thereupon alleges that some or all of the injuries will result in permanent damage, disability, pain and suffering, causing general damages in an amount within the jurisdictional requirements of this court.

9. As a further direct and legal result of the incident herein alleged, it was and continues to be necessary for Plaintiff ARTHUR L. CHAROW to receive medical care and/or psychological care and treatment. Plaintiff is informed and believes and thereon alleges that such care and treatment will be so necessary for an indefinite time in the future. The cost of medical care and/or psychological care and treatment is not known at this time and plaintiff alleges as damages herein the amount of such cost according to proof at trial.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT PRINCES CRUISE LINES, LTD.

(Negligence-General Maritime Law)

10. Plaintiff re-alleges and incorporates hereby by reference Paragraphs 1 to 9, inclusive, of the Jurisdiction, Venue, and General Allegations of this Complaint as though the same were fully set forth.

11. At all material times, Defendant owed its passengers, including Plaintiff, a duty to exercise reasonable care under the circumstances, including inter alia, a duty to provide Plaintiff with a safe means of walking from place to place in and about the passenger areas of the vessel. Defendant had a further duty to warn Plaintiff of any dangerous conditions

which were known to Defendant or could have been known to Defendant by reasonable inspection.

12. At all material times Defendant breached its duty of care to Plaintiff by, among other things:

 a. Causing and/or allowing the aforementioned dangerous conditions to exist on Deck 17;

 b. Failing to take appropriate remedial action; and,

 c. Failing to warn passengers, including Plaintiff, of said dangerous conditions.

## PRAYER

WHEREFORE, Plaintiff prays for damages against Defendant as follows:

1. For general damages, according to proof;
2. For medical expenses, past and future, according to proof;
3. For prejudgment interest;
4. For costs of suit; and,
5. For other such relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff ARTHUR L. CHAROW hereby demands trial by jury of the above-captioned matter.

Dated: January 29, 2020

LAW OFFICES OF
AKSANA M. COONE

LAW OFFICES OF
CHARLES D. NAYLOR

By: */s/ Charles D. Naylor*
Aksana M. Coone
Charles D. Naylor
Attorneys for Plaintiff,
ARTHUR L. CHAROW